UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RAMU K. JOHNSON, | Case No. 12-13268 |
| Plaintiff, | Julian Abele Cook, Jr. |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

REPORT AND RECOMMENDATION
MOTION FOR ATTORNEY FEES UNDER EAJA (Dkt. 27)

I.    PROCEDURAL HISTORY

Plaintiff filed the instant claims on July 9 and July 23, 2009, alleging that he became disabled on October 7, 2008. (Dkt. 10-2, Pg ID 51). The claims were initially disapproved by the Commissioner on November 23, 2009. (Dkt. 10-2, Pg ID 51). Plaintiff requested a hearing and on July 28, 2010, plaintiff appeared with an attorney before Administrative Law Judge (ALJ) Richard L Sasena, who considered the case de novo. In a decision dated October 15, 2010, the ALJ found that plaintiff was not disabled. (Dkt. 10-2, Pg ID 51-60). Plaintiff requested a review of this decision on November 1, 2010. (Dkt. 10-2, Pg ID 47). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits, the Appeals Council, on March 19, 2012, denied plaintiff's

request for review.  (Dkt. 10-2, Pg ID 41-43).

On July 24, 2012, plaintiff then filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Julian Abele Cook, Jr. referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits.  (Dkt. 4).  This matter came before the Court on cross-motions for summary judgment.  (Dkt. 11, 19).  The undersigned recommended that plaintiff's motion for summary judgment be granted in part and that defendant's motion for summary judgment be denied.  (Dkt. 22).  This recommendation was adopted by Judge Cook and this matter was remanded for further proceedings.  (Dkt. 24, 25).

On December 6, 2013, plaintiff filed a motion for fees and costs under the Equal Access to Justice Act.  (Dkt. 27).  Defendant filed a response on January 3, 2014.  (Dkt. 31).  Plaintiff filed a reply on January 10, 2014.  (Dkt. 32).  On December 23, 2013, Judge Cook referred this motion to the undersigned under 28 U.S.C. § 636(b)(3).[1]  (Dkt. 29).

---

[1] A magistrate judge may not hear and determine a post-judgment motion for fees, because it is not a "pretrial matter," and it is considered "dispositive of a claim."  Thus, undersigned has issued a report and recommendation.  *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

For the reasons set forth below, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; and (2) that fees in the amount of $7775.80 be awarded to plaintiff.

## II.  DISCUSSION

### A.  Was the Commissioner's Decision Substantially Justified?

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Soc. Sec. Comm'r*, 104 F.3d 853, 855 (6th Cir. 1997). The burden rests with the Commissioner to establish that his position was substantially justified, *see Department of Labor Sec'y v. Jackson Cnty. Hosp.*, 2000 WL 658843, at *3 (6th Cir. 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not

mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir. 1997); *see also Couch v. Sec'y of Health & Hum. Servs.*, 749 F.2d 359, 359 (6th Cir. 1984).

According to plaintiff, the Commissioner's lack of substantial justification in the pre-litigation action of the Agency is shown by the fact that the ALJ failed to provide "good reasons" for not giving controlling weight or even deference to plaintiff's treater, Dr. Martin's, opinions. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2000), citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion."); 20 C.F.R. § 404.1527(d)(2); (Dkt. 22, pp. 31-33). Plaintiff also points out that the Court required that plaintiff's credibility be reconsidered on remand which was, at least in part, dependent on the assessment of the medical opinion evidence. SSR 96-7p; (Dkt. 22, p. 37). Plaintiff asserts that where legal error results in reversal of the ALJ's decision and where such legal error is contrary to "clearly established statutory and court precedent," the Commissioner's position before the agency is not substantially justified. *Underwood*, 487 U.S. at 561-62; *see also Golembiewski v. Barnhart*, 322 F.3d

912, 916 (7th Cir. 2003); *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991); *Washington v. Heckler*, 756 F.2d 959, 962 (3rd Cir. 1985) ("When the Government's legal position clearly offends established precedent, however, its position cannot be said to be substantially justified."). According to plaintiff, the ALJ's actions were not reasonable, and the Government's position defending the ALJ's denial of plaintiff's benefits was based on flawed reasoning and misapplication of the law.

According to the Commissioner, the government's position meets the substantial justification standard. The district court ordered remand for further discussion regarding the opinion of Dr. Martin. (Dkt. 22, pp. 31-33). The court found all of plaintiff's other arguments lacked merit and that the ALJ committed no error in his assessment of other opinion evidence, his analysis at step two of the sequential evaluation, his assessment of plaintiff's credibility, and his consideration of obesity. (Dkt. 22, pp. 33-38). Thus, the Commissioner contends that the agency's position regarding nearly all of plaintiff's argument was substantially justified. The Commissioner acknowledges that while the court did not ultimately agree, the agency's position regarding the ALJ's assessment of Dr. Martin's opinion was also substantially justified because its position was well-supported, plaintiff's argument was unfounded, and any error was one of articulation. As an initial matter, as the Court recognized, plaintiff's argument

regarding the ALJ's assessment of Dr. Martin's opinion was "incorrect." (Dkt. 22, p. 31). As the Court recognized, contrary to plaintiff's argument, the ALJ did indeed address Dr. Martin's opinion. While the ALJ could have been more articulate in discussing Dr. Martin's opinion, the Commissioner contends that the ALJ's decision sufficiently addressed this opinion. In addition, the Commissioner argues that the ALJ reasonably declined to give Dr. Martin's opinion controlling weight and, reading the ALJ's decision as a whole, it is clear that he reasonably gave Dr. Martin's opinion little to no weight. According to the Commissioner, the ALJ reasonably found Dr. Martin's opinion unsupported and inconsistent with the record evidence. (Tr. 19). In light of the record evidence and the ALJ's decision as a whole, the Commissioner contends that the agency was justified in defending the ALJ's assessment of Dr. Martin's opinion.

    In this case, the undersigned finds that the Commissioner has not met its burden of showing that its position was substantially justified. After review of the record, the Court previously found that the decision of the ALJ did not give appropriate weight to plaintiff's treating physician. Simply put, the ALJ did not set forth "good reasons" for discounting the opinions of plaintiff's treating physician. Therefore, the Court found that a remand was required so that the ALJ could, among other things, explain more fully why he rejected the opinions of plaintiff's treating physician. The Sixth Circuit has ordered awards of attorneys'

fees under the EAJA where the government's litigating position was inconsistent with established precedent. *See e.g., Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir.1997); *see also Walker v. Astrue*, 2010 WL 596451, at *2 (N.D. Ohio 2010). In addition, "Social Security Rulings are binding on all components of the Social Security Administration. These rulings represent 'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006), quoting 20 C.F.R. § 402.35(b)(1).

It is well established that an ALJ cannot simply disregard the clear opinions of a claimant's treating physician, without adequate explanation, which is what happened in this case. The undersigned is not persuaded that merely because the Court ultimately found only one primary error to exist, rather than multiple errors as claimed by plaintiff, the government has met its burden of establishing that its position was substantially justified. Viewing the government's litigation in its entirety, the Commissioner was not substantially justified in defending a decision that failed to follow well-established procedures and precedent. As such, the undersigned concludes that defendant's position was not "substantially justified" in this matter and fees should be awarded.

B. <u>Are the Fees Requested Reasonable?</u>

The EAJA permits an award of "reasonable" attorney fees. 28 U.S.C.

§ 2412(d)(2)(A). Plaintiff bears the burden of proving the reasonableness of the fees requested. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts regularly utilize the lodestar approach to calculating attorney fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blanchard v. Berteroa*, 489 U.S. 87, 94 (1989). The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Although the EAJA limits attorneys fees to the litigation process, *id*. § 2413(a)(1), this includes the EAJA application process. *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162 (1990). While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented. *Hensley*, 461 U.S. at 433-34.

Defendant argues that the fee request in this case is excessive primarily because plaintiff has not established that the fees should exceed the $125 per hour statutory cap. The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover at a rate of $178.77 per hour for work performed in 2012 and $181.60 for work done in 2013, representing the cost of living adjustments. The EAJA specifies that "attorney's fees shall not be awarded in

excess of $125 per hour *unless* the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). The Sixth Circuit has determined that whether a cost of living adjustment above the statutory cap is warranted is a matter committed to the district court's discretion, and that a district court generally acts well within its discretion when it declines to make such an adjustment. *See Begley v. Sec'y Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). When requesting an award for attorney fees in excess of $125 per hour, the claimant bears the burden of providing appropriate evidence to support the increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009), citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984). The Sixth Circuit has required claimants to "produce satisfactory evidence-in addition to the attorney's own affidavits that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (citation and internal quotations omitted). The Sixth Circuit has rejected attorney fee requests seeking a higher rate where the plaintiff relied solely on the Department of Labor's Consumer Price Index (CPI). *Id*.; *see also Sleight v. Comm'r of Soc. Sec.*, 2012 WL 4006684, at *2 (E.D. Mich. 2012) (J. Cohn rejected claim for fees in excess of $125 where the plaintiff provided no evidence that the fees requested were in line

with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation and where the plaintiff only submitted the CPI); *Page v. Astrue*, 921 F.Supp.2d 746, 748 (E.D. Mich. 2013) (same).

In this case, however, plaintiff provides evidence similar to that provided in *Darling v. Comm'r of Soc. Sec.*, 2012 WL 4759203 (E.D. Mich. 2012).[2] In that case, Judge Goldsmith noted that plaintiff had offered far more than just the CPI evidence in *Bryant* and described this evidence as follows:

> However, the Magistrate Judge did not mention the other form of evidence offered by Plaintiff in support of his request for a rate adjustment: affidavits offered by two individuals who are familiar with the landscape of the Social Security bar in Michigan. The first affidavit is offered by Dannelly Smith, a non-attorney who has been representing claimants before the Social Security Administration at all levels of review for over thirty years and has "extensive knowledge of the base of attorneys ... willing to take [Social Security] claims to Federal Court." The gist of Smith's testimony is that (i) there is a significant shortage of attorneys in Michigan who are willing to litigate Social Security appeals in federal court due to the demanding and time-consuming nature of the work, (ii) those attorneys who are willing to

---

[2] The Commissioner cites several cases as contrary to *Darling*: *Gay v. Comm'r of Soc. Sec.*, 2013 WL 4604177, at *4 (E.D. Mich. 2013); *M.G. v. Comm'r of Soc. Sec.*, 2012 WL 4513775 (E.D. Mich. 2012); *Sleight v. Comm'r of Soc. Sec.*, 2012 WL 4006684 (E.D. Mich. 2012). In *Gay*, it is not clear what evidence plaintiff provided in support of his petition for attorney fees, as that evidence is not described in the opinion. The same is true in *M.G.* And, as set forth above, in *Sleight*, the plaintiff only provided evidence of the CPI. Thus, these cases are not applicable to the case at hand.

Report and Recommendation
Motion for Attorney Fees
*Johnson v. Comm'r*; Case No 12-13268

> litigate Social Security appeals are extremely selective in the cases they accept and commonly reject appeals that are likely meritorious, and (iii) Plaintiff's counsel "is more open in his willingness to take cases" and his services "are indispensable to many of [Smith's] clients" who would not otherwise be able to procure counsel to file an appeal in federal court.
>
> The other affidavit is offered by Evan Zagoria, a Michigan attorney (unaffiliated with Plaintiff's counsel in this case) whose practice consists primarily of litigating Social Security disability claims before the Social Security Administration. Zagoria states that he will only proceed with an appeal in federal court on behalf of a claimant if he also represented that claimant before the Social Security Administration; that is, he "will not accept other representative's clients who were denied benefits by an administrative law judge." Zagoria explains that Social Security appeals are generally time-consuming and not lucrative, making the "risk/reward factor unfavorable," and that he has been unable to find local attorneys to handle those Social Security appeals he cannot handle on his own.

*Id*. at *2. Judge Goldsmith concluded that this evidence was satisfactory and plaintiff met his burden of showing that a "special factor" – the limited availability of qualified attorneys for the proceedings involved – justified the adjustment. *Id.* at *3. The Commissioner does not offer any basis to distinguish *Darling* from the present circumstances. In addition, the undersigned is not persuaded by the Commissioner's argument that the attorney who actually performed most of the work in this case is not as experienced as the attorneys who offered affidavits. Those attorneys have hourly rates ranging from $200-$350 per hour, well in

excess of what plaintiff actually requests in this case. Moreover, there are a number of recent cases in this District where the Commissioner has not objected to similar rates. *Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498 (E.D. Mich. 2011) (finding the hourly rate of $170 to $172 for Daley's firm consistent with prevailing EAJA rates in this district); *Phillips v. Comm'r of Soc. Sec.*, 2013 WL 5313200 (E.D. Mich. 2013) (finding $180 to be reasonable); *Cowart v. Comm'r of Soc. Sec.*, 795 F.Supp.2d 667, 671 (E.D. Mich. 2011) ($173.00 per hour was a reasonable rate for work performed from November 2008 to June 2010).[3]

    The parties also dispute the appropriate rate for the law clerk fees. Plaintiff requests $125 per hour for the unlicensed attorney law clerk and the Commissioner maintains that all the law clerk fees should be the same. The Commissioner does not dispute the law clerk fees of $100 per hour for the non-attorney law clerk. In *Allshouse v. Comm'r of Soc. Sec.*, 2009 WL 4884968, at *7 (E.D. Mich. 2009), the Court concluded that $105 per hour was reasonable for this same law clerk and in *Zanon*, the Court concluded that $125 per hour was appropriate, given "the passage of time." In the view of the undersigned, $105 per hour for law clerk time is reasonable. *See e.g.*, *McNelis v. Comm'r of Soc. Sec.*,

---

[3] The undersigned acknowledges that the Commissioner has not waived the right to object to plaintiff's requested fee rate simply because the Commissioner has not objected to similar rates in other cases. Rather, the undersigned only points this out as further evidence of the "prevailing rate" in this District for similar work by attorneys of comparable experience.

2010 WL 5866250, at *4 (E.D. Mich. 2010), *adopted as modified by* 2011 WL 743393 (E.D. Mich. 2011) (hourly rate of $105 per hour for unlicensed attorney law clerk working as a paralegal); *Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498, at *2 (E.D. Mich. 2011) (hourly rate of $75 per hour for unlicensed attorney law clerk working as a paralegal).

The Commissioner also disputes a small portion of the hours billed. Specifically, the Commissioner contends that plaintiff's requested fees should be reduced by at least 0.88 hours based on the administrative nature of tasks. The Commissioner also argues that these tasks should also be reduced by 0.3 hours because the agency should not be charged with time spent for requesting an extension of time. The undersigned generally agrees with these observations, but the Commissioner did not identify which entries are in dispute. Thus, the fees will not be reduced in this manner.

Based on the foregoing, the undersigned concludes that plaintiff should be awarded the following attorney fees in this case:

| | |
|---|---|
| 2012 Attorney Hours: | $4951.93 |
| 2013 Attorney Hours: | $2204.62 |
| Law clerk hours (with J.D.): | $257.25 |
| Law clerk hours: | <u>$362.00</u> |
| Total Fees: | $7775.80 |

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; and (2) that fees in the amount of $7775.80 be awarded to plaintiff.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 4, 2014                                  s/Michael Hluchaniuk
                                                    Michael Hluchaniuk
                                                    United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on April 4, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Frederick J. Daley, Jr., Andrew J. Lievense, AUSA, Kelie C. Schneider, William W. Watkinson, Jr., and Meghan O'Callaghan, Social Security Administration.

                                                    s/Tammy Hallwood
                                                    Case Manager
                                                    (810) 341-7887
                                                    tammy_hallwood@mied.uscourts.gov